IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISIDRO HERNANDEZ RAMIREZ,**

      Petitioner,

v.                               **CIVIL ACTION NO. 1:06cv93**
                                      **(Judge Keeley)**

**JOYCE FRANCIS, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 5, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution challenging the validity of a sentence imposed in the United States District Court for the District of Arizona. By Order entered August 14, 2006, the Court directed the respondent to show cause why the writ should not be granted. On November 20, 2006, the respondent filed its response, and on December 7, 2006, the petitioner filed a reply to the respondent's response.[1]

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

### II. FACTUAL AND PROCEDURAL HISTORY

---

[1] In addition to his initial reply to the respondent's response, the petitioner filed an Amendment to his reply on June 12, 2007; and Affidavit of Sovereignty on August 1, 2007, a Writ of Scire Facias" on September 4, 2007; and an unintelligible document on December 4, 2007. None of these "pleadings" have any significance to the underlying § 2241 petition and have been ignored for purposes of the Report and Recommendation.

The petitioner was convicted in the United States District Court for the District of Arizona following a plea of guilty to the offense of illegally reentering the United States after having been deported, in violation of Title 8 U.S.C. § 1326, enhanced by Title 8 U.S.C. § 1326(b)(2). (Doc. 30-2, p. 1). On July 13, 2004, the petitioner was sentenced to the custody of the Bureau of Prisons ("BOP") to serve a term of 57 months imprisonment, thirty six months supervised release and a $100 Special Assessment. (Doc. 30-3, p. 1). At the time of sentencing, the petitioner's prior criminal convictions included: (1) a July 1981 conviction for assault with a firearm, for which he received five years; (2) a November 1981 conviction for assault with a firearm, for which he was sentenced to five years, to be served concurrently with his sentence for the July conviction; (3) a November 1987 conviction for second degree burglary, for which he was sentenced to twenty-eight months; and (4) a June 6, 2002 conviction for illegal re-entry, for which he was sentenced to six months. These convictions were used by the District Court to calculate his sentence under the Guidelines. (Doc. 30-5, pp. 4-5).

The petitioner did not appeal his conviction and sentence. However, on August 31, 2004, the petitioner filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release petition from Custody pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Arizona. As grounds for relief, the petitioner alleged (1) improper use of prior convictions in calculating his criminal history for purposes of sentencing; (2) the alleged illegality of his underlying deportation as having been based upon convictions that were time-barred and/or no longer deportable offenses; (3) failure of the government to provide him with the Presentence Investigation Report ("PSR") at least 35 days to sentencing; (4) ineffective assistance of counsel; (5) failure of the probation officer to meet with him and his counsel to discuss the PSR and any potential objections; (6) failure of the probation officer to include information beneficial to the petitioner in the PSR; (7) his mental

2

condition; and (8) failure of the government to allow him to challenge the sentencing enhancements. (Doc. 30-4, pp 1-7). By order dated February 22, 2005, the District Court dismissed the Petition with prejudice. (Doc. 30-6). On May 23, 2005, the petitioner filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit. On September 4, 2005, the District Court denied the certificate of appealability, (Doc. 30-7) and on May 25, 2006, the Ninth Circuit denied the petitioner's appeal. On June 6, 2006, the petitioner filed a Motion for Reconsideration which was denied on July 25, 2006. (Doc. 30-3, p. 6).

On April 3, 2006, the petitioner filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Arizona. In that petition, he re-alleged the grounds he argued in his § 2255 petition, including: (1) the improper use of prior convictions in calculating his criminal history points for purpose of sentencing; (2) the alleged illegality of his underlying deportation as having been based upon convictions that were time-barred and/or no longer deportable offenses; (3) failure of he probation officer to provide him with the PSR, his mental condition; and (4) ineffective assistance of counsel. (Doc. 30-8). On May 18, 2006, the District Court dismissed the petition for lack of jurisdiction because the petitioner was not incarcerated within the District of Arizona at the time. (Doc. 30-9). On July 17, 2006, the petitioner filed a Notice of Appeal to the U.S. Court of Appeals for the Ninth Circuit. On August 4, 2006, the District Court denied the certificate of appealability. On September 1, 2006, the petitioner filed a Notice of Appeal th the U.S. Court of Appeals for the Ninth Circuit from the District Court's order denying the certificate of appealability. (Doc. 30-10). By order dated October 13, 2006, the Ninth Circuit denied the request for a certificate of appealability. (Doc. 30-11).

On June 5, 2006, petitioner filed his pending application under 28 U.S.C. § 2241.[2] In this application, the petitioner alleges that the crime for which he was indicted and pleaded guilty to is not a crime according to 8 U.S.C. § 1326. The respondent contends that the petitioner is not entitled to any relief under § 2241.

### III. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified or vacated, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.

---

[2] A §2241 petition must be filed in the district wherein the petitioner is in custody. Therefore, although the petitioner was convicted in the United States District Court for the District of Arizona, he is currently incarcerated at FCI Gilmer, which is located in the Northern District of West Virginia.

2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 8 U.S.C. § 1326 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, to the extent that petitioner is attempting to argue that his sentence was improperly enhanced through consideration of prior crimes that were not aggravated felonies at the time he committed them, he likewise fails to state a claim upon which relief can be granted.

Aliens who return to the United States after deportation without the permission of the Attorney General are subject to two years' imprisonment. 8 U.S.C. § 1326(a). This statutory base sentence is increased to a maximum of twenty years for aliens whose prior deportation was "subsequent to a conviction for commission of an aggravated felony." Id. § 1326(b)(2). The Sentencing Guidelines provide that if a "defendant previously was deported after a criminal conviction...[and] if the conviction was for an aggravated felony, increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A).

> The petitioner's Plea Agreement contained the following:
>
>> I am not a citizen of the United States. I was deported, excluded, or removed from the United States through San Ysidro, California on June 3, 2003. I was voluntarily present and found in the United States in Nosgales, Arizona on February 17, 2004. I did not obtain the express consent of the Attorney General or Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.
>>
>> Furthermore, for sentencing purposes, I admit I was convicted of two counts of assault with a firearm on person, an aggravated felony, on March 28, 1983, and I was represented by an attorney. I was sentenced to five years prison.

(Doc. 30-2, p. 7).

The petitioner now argues that because his conviction for assault with a firearm was not classified as an aggravated felony at the time of its commission, his current sentence was improperly enhanced. The petitioner is correct that in 1983, his convictions for assault with a firearm were not

6

classified as "aggravated felonies" under the Immigration and Nationality Act. However, in 1990, as part of the Immigration Act of 1990, Congress amended Section 1101(a)(43) and expanded the definition of "aggravated felony" to include any crime of violence for which the term of imprisonment was at least five years. 8 U.S.C. § 11001(a)(43)(1990); Pub.L.No. 101-649, Section 501, 104 Stat. At 5048. Furthermore, on April 24, 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), which expanded the definition of "aggravated felony" to include a "theft offense for which the term of imprisonment is at least one year.[4]

While the petitioner is correct that in 1983 convictions for assault with a firearm and burglary were not classified as "aggravated felonies" under the Immigration and Nationality Act, the critical inquiry for purposes of sentencing under § 1326 is not the date of the conviction, but rather the date upon which the petitioner committed the crime of illegally re-entering the United States. U.S. v. Maria-Gonzalez, 268 F.3d 664 (9th Cir. 2001). IIRIRA's classification of an offense as an aggravated felony applies retroactively. See I.N.S. v. St. Cyr, 533 U.S. 289 (2001). Therefore, because the petitioner's prior crimes qualified as aggravated felonies at the time of his illegal reentry, the United States District Court for the District of Arizona properly enhanced his sentence as provided for by 8 U.S.C. § 1326(b)(2).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

---

[4]Therefore, in addition to his 1981 convictions for assault with a firearm, for which he received five years, his 1987 conviction for second degree burglary, for which he received twenty-eight months, also qualifies as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2).

7

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: February 19, 2008

                                                  /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE