IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISIDRO HERNANDEZ RAMIREZ,**

    **Petitioner**

**v.** // CIVIL ACTION NO. 1:06CV93
                                                    (Judge Keeley)

**JOYCE FRANCIS, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 5, 2006, pro se petitioner, Isidro Hernandez Ramirez ("Ramirez"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09.

After initial review, on August 14, 2006, Magistrate Judge Seibert entered an order directing the respondent to show cause why the writ should not be granted. On November 20, 2006, the respondent filed her response and on December 7, 2006, Ramirez filed a reply.

On February 20, 2008, Magistrate Judge Seibert entered an R&R recommending that this Court deny the petition and dismiss the case with prejudice. On March 3, 2008, Ramirez filed an objection to the R&R.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This Court considers objections de novo but may adopt any portion of an R&R to which no party objects without substantive review.[1]

Ramirez's objections are difficult to decipher. He appears to argue that he is not a United States citizen and, therefore, is not subject to the laws of the United States under the political science theory of social contract deriving from the natural state of man. In essence, he is saying that he never entered into the social contract that created the United States government and, therefore, retains his natural rights to do as he pleases without government interference.

Upon de novo review, the Court finds this interesting argument unavailing. As part of the judicial branch of the United States government, this Court is charged with interpreting the laws of the United States. It is ironic that Ramirez comes to this Court, a part of the government which he claims has no jurisdiction over him, for relief. It has been a bedrock principle of American law from the ratification of the Constitution that the federal government has jurisdiction to prosecute and punish crimes committed within the territory of the United States. See, e.g.,

---

[1] A party's failure to object to any portion of the Report and Recommendation not only waives its appellate rights on that issue, but also relieves the Court of any obligation to conduct a de novo review of the issue. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

Apapas v. United States, 233 U.S. 587, 590 (1914). Ramirez does not dispute that the alleged criminal acts were committed within the territory of the United States. Rather, he claims some sort of natural law diplomatic immunity.

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 37), **DENIES** the petition (dkt. no. 1), and **DISMISSES** this case **WITH PREJUDICE**. The Court orders the Clerk to **STRIKE** this case from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: March 6, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE